IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DAVID SPIKER, )
)
      Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV513-048
)
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
      Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald Fishman ("the ALJ" or "ALJ Fishman") denying his claim for a period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision and award him benefits. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on September 7, 2010, alleging that he became disabled on April 8, 2010, due to: coronary artery disease, status post-coronary artery from bypass grafting; osteoarthritis of the left AC joint; degenerative disc disease of the cervical spine; severe, obstructive sleep apnea; ischemic cardiomyopathy; diabetes mellitus; and hypertension. (Doc. No. 9-2, p, 20; Doc. No. 18, p. 2). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On September 18, 2012, ALJ Fishman conducted a video hearing at which Plaintiff, who was represented by

counsel, appeared and testified. ALJ Fishman found that Plaintiff was not disabled within the meaning of the Act. (Doc. No. 9-2, p. 20). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 2).

Plaintiff, born on April 2, 1951, was sixty-one (61) years old when ALJ Fishman issued his final decision. Plaintiff has an associate's degree in architectural technology. (Doc. No. 18, p. 2). Plaintiff's past relevant work experience includes employment as a construction worker, construction inspector, and architectural drafter. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is

2

presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of April 8, 2010, through his date last insured on December 31, 2011. (Doc. No. 9-2, p. 22). At Step Two, the ALJ determined that Plaintiff had coronary artery disease, status post-coronary artery bypass grafting ("CABG"); osteoarthritis of the left AC joint; degenerative disc disease of the cervical spine; obstructive sleep apnea; and obesity, conditions considered "severe" under the Regulations. ALJ Fishman also determined that Plaintiff's diabetes mellitus, hypertension, and psoriasis were non-severe conditions. (Id.). However, the ALJ determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id. at p. 25). The ALJ found that Plaintiff had the residual functional capacity, through the date of his last insured, to perform work at the sedentary level, except for the following limitations: lift and/or carry ten pounds occasionally and less than ten pounds frequently; sit for eight hours and stand and/or walk a total of two hours in an eight-hour workday; never climb ladders, ropes, or scaffolds; never reach overhead for extended periods;

stoop, crouch, and kneel frequently; avoid frequent exposure to concentrated airborne particles; and have access to a restroom. (Id. at p. 26). At the next step, ALJ Fishman noted Plaintiff was unable to perform his past relevant work as a construction worker, a construction inspector, and an architectural drafter.[1] (Id. at p. 28). The ALJ determined at the final step that Plaintiff had the residual functional capacity for an architectural drafter (transferrable skills), a civil drafter, and a structural drafter. (Id. at p. 29).

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred by failing to credit the opinions of all three of his treating physicians.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence

---

[1] The ALJ noted that, based on vocational expert testimony, Plaintiff could perform past relevant work as a drafter generally and as actually performed. The ALJ also noted that the duties associated with this position were part of Plaintiff's work and were not carried out on a full-time basis, and ALJ Fishman found that Plaintiff could not perform his past relevant work. (Doc. No. 9-2, p. 29).

4

AO 72A
(Rev. 8/82)

which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff asserts that the ALJ erred by finding that he is not disabled and could perform sedentary work on a regular and sustained basis. Plaintiff contends that, to make these determinations, the ALJ had to find that a pulmonologist, a cardiologist, and a family physician, all of whom are Board certified, are unworthy of belief. Plaintiff also contends that the ALJ had to find him unworthy of belief. Plaintiff asserts that the ALJ should have given him credit for attempting to return to a normal life following his heart attack rather than holding this attempt against him.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (alteration in original) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "The law of this circuit is clear that the testimony of a treating physician must be given

5

substantial or considerable weight unless 'good cause' is shown to the contrary." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted).

"Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" Winschel, 631 F.3d at 1179 (quoting Phillips, 357 F.3d at 1241). "The ALJ has wide latitude to determine what weight to assign to those opinions, so long as he operates within the regulatory and judicial frameworks." Zanders v. Colvin, No. CV412-182, 2013 WL 4077456, at *5 (S.D. Ga. Aug. 12, 2013). "For instance, when discounting a medical opinion, he should consider several factors, including the examining relationship, the treatment relationship, the doctor's specialization, whether the opinion is amply supported, and whether the opinion is consistent with the record." Id. (citing 20 C.F.R. §§ 404.1527(c) & 416.927(c)). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." Winschel, 631 F.3d at 1179 (citation omitted). Failure to "clearly articulate the reasons for giving less weight to the opinion of a treating physician" is "reversible error." Lewis, 125 F.3d at 1440 (citation omitted).

In finding that Plaintiff had the residual functional capacity to perform work at the sedentary level, ALJ Fishman discounted statements from Drs. Bell, Waters, and Nayak and Plaintiff and opinions from these doctors. ALJ Fishman noted that Dr. Bell and Dr. Waters made statements that Plaintiff was disabled because of his sternum, which was injured in July 2010 and which had not fully healed from his five-vessel CABG surgery. However, the ALJ noted that any limitation associated with the sternum was not

6

supported by the medical record, other than the few months necessary for routine healing after surgery. (Doc. No. 9-2, p. 27). ALJ Fishman also noted that Dr. Bates, the treating cardiologist, stated that Plaintiff had returned to "work full duty" in April 2012 even though he was not medical released to do so. (Id.) (citing Doc. No. 12, pp. 123–28). The ALJ pointed to Dr. Bell's statements that Plaintiff, in July 2012, was stable cardiovascularly, that Plaintiff needed a few months for healing from the sternum surgery, and that Plaintiff was not able to work for only that period necessary for healing—not 12 consecutive months, which is required for a finding of disability under the Act. In addition, ALJ Fishman observed that the majority of Dr. Waters' notes indicated that Plaintiff had no complaints and no edema (the build-up of excessive fluid). The ALJ also observed that Drs. Waters and Nayak made statements which suggested that Plaintiff was disabled and unable to work 40 hours a week; however, ALJ Fishman gave no weight to these statements because there was "no corroborative objective findings of evidence" to support these doctors' statements, "and the matter of judging [Plaintiff's] ability to work is reserved to the Commissioner." (Doc. No. 9-2, p. 27). ALJ Fishman determined that the medical evidence of record did not support a conclusion that Plaintiff's impairments, either singly or in combination, rendered him unable to work at all for any consecutive 12 month period from his alleged onset date through his date last insured.

ALJ Fishman also noted Plaintiff's allegation that he could not perform even sedentary work because of swelling in his extremities. ALJ Fishman stated that there were no medical reports of significant edema after the summer of 2010 or for at least 12 consecutive months prior to the date of his last insured. The ALJ also stated that there

7

were no recent mentions in Plaintiff's medical records of edema or documented complaints of persistent numbness of Plaintiff's lower or upper extremities bilaterally. The ALJ noted that Plaintiff's function report, which was completed about six (6) months after his CABG, stated that Plaintiff did laundry, mowed the grass, took care of pets, walked, used a computer, made simple meals, went grocery shopping, performed small household repairs, and cleaned the house for about an hour a day. The ALJ also noted that Plaintiff testified that he could shower, make breakfast, and do minimal chores, and that Plaintiff's treatment notes indicate that Plaintiff could ride his motorcycle and go out for drinks. The ALJ further noted that any limitations which could "reasonably result from [Plaintiff's] fatigue from unresolved sleep apnea and/or vitamin B12 deficiency, post-CABG and sternal repair recovery periods, and left shoulder and cervical arthritis are more than accommodated by the reduction to sedentary exertion—less exertional demand than [Plaintiff's] activities of daily living." (Doc. No. 9-2, p. 28).

ALJ Fishman correctly noted that a physician's decision regarding Plaintiff's ability to work (or lack thereof) is a decision reserved for the Commissioner. 20 C.F.R. § 416.927(d)(1) (noting that the decision of disability is reserved for the Commissioner). However, it is not clear whether ALJ Fishman properly discredited the opinions of Drs. Waters, Bell, and Nayak, i.e., it is not clear whether ALJ Fishman rejected the opinions of these doctors only because the doctors opined on Plaintiff's ability to work or whether the ALJ rejected these doctors' *medical* opinions based on good cause.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

**SO REPORTED** and **RECOMMENDED**, this 15th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE